UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JANE DOE, an individual and citizen of the State of Florida, <br><br>       Plaintiff, <br><br>   v. <br><br> KALAMAZOO PUBLIC SCHOOL SYSTEM, a Michigan Public School, and AARON SAUTER, a citizen of the State of Michigan, in his individual and official capacity, <br><br>       Defendants. | Case No. 1:26-cv-2013 <br> Hon. Jane M. Beckering |

/

## <u>PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM</u>

Plaintiff, by and through her counsel Joel B. Sklar, respectfully moves this Court for leave to proceed under the pseudonym "Jane Doe" pursuant to *Federal Rule of Civil Procedure 10(a)* for the reasons set forth more fully in the brief accompanying this motion.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Dated:  July 16, 2026                    Joel@joelbsklarlaw.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, an individual and citizen of the
State of Florida,

               Plaintiff,

    v.

KALAMAZOO PUBLIC SCHOOL
SYSTEM, a Michigan Public School, and
AARON SAUTER, a citizen of the State of
Michigan, in his individual and official
capacity,

               Defendants.

Case No. 1:26-cv-2013
Hon. Jane M. Beckering

/

**PLAINTIFF'S BRIEF IN SUPPORT OF
MOTION TO PROCEED UNDER PSEUDONYM**

Plaintiff, by and through her counsel, respectfully moves this Court for leave

to proceed under the pseudonym "Jane Doe" pursuant to *Federal Rule of Civil*

*Procedure 10(a)*. In support of this Motion, Plaintiff states as follows:

### INTRODUCTION

On July 7, 2026, Plaintiff filed this sensitive civil rights action under the

pseudonym "Jane Doe." (Complaint ¶¶1-end, ECF No. 1, PageID.1-.24) Plaintiff

was a teacher for the Kalamazoo Public Schools (KPS) at Millwood Middle School,

where Defendant Aaron Sauter was her Vice Principal and Principal. Plaintiff

alleged in lurid detail how Defendant Sauter sexually harassed her at school and

retaliated against her when she demanded that he stop. (Complaint at ¶¶ 10-98, PageID.3-13)

On July 10, 2026, this Court entered an Order which directed Plaintiff to either amend her Complaint to identify her legal name or file a motion to proceed under a pseudonym. (Order, ECF No. 6, PageID.34-35) Disclosure of Plaintiff's identity would compel her to disclose information of the utmost intimacy, subject herself and her family to humiliation and dissuade other victims of sexual exploitation from speaking out. In addition, Plaintiff's true identity is not material to the legal issues before the Court and Defendants will suffer no prejudice from Plaintiff's use of a pseudonym because they know who she is. Accordingly, pseudonymous litigation is appropriate.

## LEGAL STANDARD

Typically, a complaint must state the names of the parties, and an action must be prosecuted in the name of the real party in interest. *Fed. R. Civ. P. 10(a), 17(a)(1); Doe v. Lake Grass Lake Cmty. Sch.,* 2026 U.S. Dist. LEXIS 13207, at *1 (E.D. MI. January 24, 2026) citing *Doe v Porter,* 370 F.3d 558, 560 (6th Cir. 2004) & *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). "As a general matter, a complaint must state the names of all parties," but a court "may excuse plaintiffs from identifying themselves under certain circumstances." *Porter,* 370 F.3d at 560. The trial court has discretion to permit a party to proceed under a

2

pseudonym if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Id.* at 560.

*Porter* and its offspring adopted a non-exhaustive multifactor balancing approach which included: (a) whether the plaintiffs seeking anonymity challenged governmental activity; (b) whether prosecution of the suit compelled the plaintiffs to disclose information "of the utmost intimacy"; (c) whether the litigation compelled plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (d) whether the plaintiffs are children, 370 F.3d at 560-561, (e) the severity of the threatened harm and the likelihood it will occur if anonymity is not granted; (f) whether the plaintiff's identity is relevant to resolving the legal issues; (g) whether the defendant will be prejudiced by allowing pseudonymous litigation; (e) the universality of the plaintiff's claim; and (h) whether the plaintiff has taken affirmative steps to make her identity public. *Signature Mgmt. Team, LLC v. DOE,* 876 F.3d 831 at 835-838 (6th Cir. 2017); *Doe v. Alhakari,* 2025 U.S. Dist. LEXIS 99395 *3-* 7 (M.D. Tn. February 4, 2025) (pseudonym litigation proper in sexual assault case) Those factors which apply heavily favor pseudonymous litigation.

As discussed more fully below, Courts permit pseudonymous litigation in sexual harassment, sexual assault, and other cases similar to Plaintiff's.  See e.g., *Doe v. City of Detroit,* 3 F.4th 294 (6th Cir. 2021) (plaintiff proceeded under a

pseudonym in a Title VII sexual harassment case); *Doe v. Mich. State Univ.,* No. 1:19-cv-226, 2019 U.S. Dist. LEXIS 252361, at \*3 (W.D. Mich Aug 14, 2019) (allegations of sexual assault are highly sensitive and personal subjects.)  Like the settings in *Porter, City of Detroit*, *Mich. State. Univ.,* and pseudonymous litigation is appropriate in this case.

## ARGUMENT

**I.      The Need for Anonymity Outweighs Both the Presumption that a Party's Identity is Public Information and the Risk of Unfairness to Defendants.**

### A.      Plaintiff is Challenging a Governmental Activity.

Defendants Sauter and KPS are governmental entities. When a plaintiff challenges governmental activity, the public interest in transparency must be balanced against the plaintiff's privacy interest. Here, the public has a significant interest in ensuring that state actors like Sauter and KPS are held accountable for their unlawful conduct. But for her anonymous lawsuit, no one would have known about Sauter's sexual predation, and he would most likely have found a new job in a new school to continue his unlawful conduct. This factor weighs in favor of anonymity.

### B.      Disclosure will compel the plaintiff to reveal information "of the utmost intimacy."

Plaintiff's Complaint contains graphic descriptions of sex in a public school for 6th-8[th] Grade children, violent sexual encounters, sexually explicit images, and messages. By definition, Plaintiff's lawsuit involves allegations of the "utmost

4

intimacy." In *Doe v. Penske Truck Leasing Co. LP,* 2019 U.S. Dist. LEXIS 250839 at *5 (E.D. Tenn. Feb 8, 2019), a district court allowed plaintiff to proceed under a pseudonym where plaintiff alleged she "was sexually harassed over the course of several months, and eventually sexually assaulted by being forced to perform oral sex on Neely."  See also, *M.C.C.G. v. Olson,* 2026 U.S. Dist. LEXIS 59079 at * *4-*6* (WD Ky. March 20, 2026) ("past experience of sexual abuse warrant permission for a petitioning victim to proceed anonymously….") Like the plaintiffs in *Penske Leasing and Olson,* Plaintiff warrants anonymity.

### C.    Disclosure would humiliate and forever stigmatize Plaintiff and her family.

Plaintiff has already suffered significant emotional distress, depression, anxiety, and fear as a result of Defendant Sauter's and KPS's conduct. The stigma and humiliation associated with the allegations will also fall on Plaintiff's former spouse, her children and family who live in Kalamazoo.  Disclosure of Plaintiff's identity would dampen, if not totally destroy, her efforts to rebuild her life.

### D.    Pseudonymous litigation will encourage other victims to come forward.

Forced public disclosure of Plaintiff's identity will only compound the trauma experienced by Plaintiff by chilling other victims from coming forward. The overwhelming majority of victims never report sexual harassment or assault for fear of not being believed, victim shaming, guilt, threats, retaliation, anxiety, and other

reasons unique to each particular circumstance. *See, Sexual Harassment in Our Nation's Workplaces | U.S. Equal Employment Opportunity Commission*; Sexual Assault Experienced as an Adult - PTSD: National Center for PTSD. Plaintiff put aside these concerns and filed her lawsuit pseudonymously to stop Sauter.  Public policy favors anonymity.

### E.    Plaintiff's Identity Is Irrelevant to the Legal Issues.

Plaintiff's legal name is not material to the resolution of any issue in this case. The legal questions presented do not depend on Plaintiff's identity. This factor favors anonymity.

### F.    Defendants Will Suffer No Prejudice Plaintiff Proceeds under a Pseudonym.

Permitting Plaintiff to proceed under a pseudonym will not prejudice Defendants. Defendants know Plaintiff's identity and can fully defend against her claims without public disclosure of her name. This factor favors anonymity.

### G.    The Universality of Plaintiff's Claim.

While Plaintiff's specific factual circumstances are unique, her claims raise issues of broad public concern: serial coercive sexual harassment by a supervisor at a public school, and the failure of a public employer to investigate, discipline, or disclose the unlawful conduct with knowledge that the unlawful conduct will continue elsewhere. This factor favors anonymity.

**H.     Plaintiff Has Not Taken Steps to Make Her Identity Public.**

Plaintiff has not publicly disclosed her identity in connection with these allegations. She has not spoken to the media or shown her face. Only her lawyers have spoken to the public for the purposes of notifying the public about Sauter since KPS did not and to encourage other victims from coming forward. This factor weighs in favor of pseudonymous litigation.

**I.     Allowing Plaintiff to Proceed Pseudonymously Will Not Impair the Public Interest in Openness.**

In this case, the public interest in openness is adequately served by the public nature of the proceedings, the identification of the governmental defendants, and the substantive legal and factual issues presented in the Complaint. The public can assess the merits of Plaintiff's claims, Sauter's abuses, KPS'S failures, and the legal standards governing workplace harassment without knowing Plaintiff's legal name. Conversely, public disclosure of Plaintiff's identity would serve no legitimate public interest while causing irreparable harm to Plaintiff and others.  This factor favors anonymity.

**J.     Pseudonymous Litigation Is Appropriate Through Judgment.**

The Sixth Circuit has recognized that "very different considerations apply" at the judgment stage than at the discovery stage. *Signature Mgmt. Team, LLC v. DOE,* 876 F.3d at 838. The court must still balance the factors favoring anonymity against the public's interest in open proceedings. *Id.* In this case, the factors overwhelmingly

favor pseudonymous litigation through judgment. Plaintiff's privacy interest is rooted in fundamental constitutional protections against the disclosure of highly personal sexual matters. *Doe v. City of Mansfield,* No. 22-3052, 2023 U.S. App. LEXIS 3166 (6th Cir. Feb. 8, 2023), *Jenkins v. Rock Hill Local Sch. Dist.,* 513 F.3d 580 (6th Cir. 2008) Plaintiff's interest does not diminish as the case progresses; if anything, the harm of disclosure increases as the case generates more public attention. Permitting Plaintiff to proceed anonymously through discovery but forcing her to reveal her identity at judgment would defeat the purpose of protecting her privacy and would inflict the very harm that pseudonymous litigation is designed to prevent.

## RELIEF REQUESTED

For the reasons set forth herein, Plaintiff respectfully requests this Court to grant her Motion and permit her to proceed under the pseudonym "Jane Doe" throughout this litigation and grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

*s/ Joel B. Sklar*
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Dated:  July 16, 2026          Joel@joelbsklarlaw.com

8

## CERTIFICATE OF COMPLIANCE WITH L. CIV. R. 7.3(b)(ii)

This Brief was prepared by the use of Microsoft Word 365 and contains 1,601 words excluding the case caption, cover sheets, table of contents, table of authorities, signature block, attachments, exhibits, and affidavits, and other addenda.  This word count was generated by that application and the count provided by the application is relied upon in conformance with L. Civ. R. 7.3(b)(ii).

Respectfully submitted,

/s/ Joel B. Sklar
Joel B. Sklar (P38338)
500 Griswold, Suite 2450
Detroit, MI 48226
313-963-4529
Attorney for Plaintiff
Joel@joelbsklarlaw.com

Dated:  July 16, 2026