UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE, an individual and citizen of the State of Florida,

Plaintiff,

v.

KALAMAZOO PUBLIC SCHOOL SYSTEM, a Michigan Public School, and AARON SAUTER, a citizen of the State of Michigan, in his individual and official capacity,

Defendants.
/

Case No.: 1:26-cv-2013

Honorable Jane M. Beckering


| | |
|---|---|
| Joseph B. Sklar (P38338)<br>LAW OFFICES OF JOSEPH B. SKLAR<br>Attorneys for Plaintiff<br>500 Griswold Street, Ste 2450<br>Detroit, MI 48226<br>313-963-4529<br>joel@joelbskarlaw.com<br><br>Todd R. Perkins (P55623)<br>PERKINS LAW GROUP<br>Attorneys for Plaintiff<br>DuMouchelles Building<br>409 E. Jefferson, Floor 6<br>Detroit, MI 48226<br>(313) 964-1702<br>tperkins@perkinslawgroup.net | Bogomir Rajsic, III (P79191)<br>Tracey R. DeVries (P84286)<br>McGRAW MORRIS MASUD<br>Attorneys for Def. Kalamazoo Public School System<br>44 Cesar E. Chavez Avenue, SW, Suite 200<br>Grand Rapids, MI 49503<br>(616) 288-3700/Fax (248) 502-4001<br>brajsic@mcgrawmorris.com<br>tdevries@mcgrawmorris.com |
| | Kevin J. Roragen (P56510)<br>FOSTER SWIFT COLLINS & SMITH PC<br>Attorneys for Defendant Sauter<br>313 S. Washington Square<br>Lansing, MI 48933<br>(517) 371-8119 /Fax: (517) 371-8200<br>kroragen@fosterswift.com |


**DEFENDANT KALAMAZOO PUBLIC SCHOOLS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM**

**ORAL ARGUMENT REQUESTED**

TABLE OF CONTENTS


TABLE OF AUTHORITIES ........ i

I. INTRODUCTION ........ 1

II. PLAINTIFF HAS NOT DEMONSTRATED THAT HER PRIVACY INTERESTS SUBSTANTIALLY OUTWEIGH THE PRESUMPTION OF OPEN JUDICIAL PROCEEDINGS ........ 1

A. The Porter Analysis ........ 2

B. Additional Considerations Weigh Against Permitting Plaintiff to Proceed Under a Pseudonym ........ 5

III. LESS RESTRICTIVE MEANS ARE AVAILABLE ........ 9

CONCLUSION AND RELIEF REQUESTED ........ 9


TABLE OF AUTHORITIES

**Cases**


*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005) ........ 1, 2

*Doe 1 v. Bedford City Sch. Dist. Bd. of Educ.*, No. 1:22-CV-00059, 2022 WL 2192936, at *1 (N.D. Ohio June 17, 2022) ........ 5

*Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869 (7th Cir. 1997) ........ 1

*Doe v. Del Rio*, 241 F.R.D. 154 (S.D.N.Y. 2006) ........ 8

*Doe v. Fedex Ground Package System, Inc.*, No. 3:21-CV-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021) ........ 4, 6

Doe v. Garland, No. 2:23-CV-10053-TGB-JJCG, 2023 WL 12177540, at *2 (E.D. Mich. Feb. 8, 2023) ........ 3

*Doe v. Porter*, 370 F. 3d 558 (6th Cir. 2004) ........ passim

*Doe v. Shaw Elec. Co.*, No. 24-CV-10746, 2024 WL 1815459, at *2 (E.D. Mich. Mar. 28, 2024) ........ 4, 5, 6

*Doe v. Streck*, 522 F. Supp. 3d 332 (S.D. Ohio 2021) ........ 4

*Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019) ........ 4

In re Sealed Case, 971 F.3d 324 (D.C. Cir. 2020) ........ 3

*K.S. v. Detroit Pub. Schs.*, No. 14-12214, 2015 WL 13358204, at *1 (E.D. Mich. July 22, 2015) 1

*Plaintiff v. Wayne State University*, No. 20-CV-11718, 2021 WL 243155, at *7 (E.D. Mich. Jan. 29, 2021) ........ 3

*Poe v. Lowe*, 756 F. Supp. 3d 537 (M.D. Tenn. 2024) ........ 9

*Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021) ........ 2, 3, 6, 8

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299 (6th Cir. 2016) ........ 4


**Rules**


Fed. R. Civ. P. 10(a) ........ 1, 7

## I. INTRODUCTION

Plaintiff asks the Court to depart from the rule that parties to federal litigation proceed in their own names. Although federal courts possess discretion to permit pseudonymous litigation in exceptional circumstances, anonymity remains the exception rather than the rule. Plaintiff has not demonstrated that her privacy interests substantially outweigh the strong presumption of open judicial proceedings, the public's interest in transparent litigation involving a governmental entity, or the availability of less restrictive means to protect any legitimate privacy concerns. Accordingly, Plaintiff's Motion to Proceed Under a Pseudonym should be denied.

## II. PLAINTIFF HAS NOT DEMONSTRATED THAT HER PRIVACY INTERESTS SUBSTANTIALLY OUTWEIGH THE PRESUMPTION OF OPEN JUDICIAL PROCEEDINGS

The Federal Rules of Civil Procedure require that federal lawsuits state the names of the parties. Fed. R. Civ. P. 10(a). This requirement reflects the public's right to know who is invoking the authority of the federal courts; "[i]dentifying the parties to the proceeding is an important dimension of publicness. The people have a right to know who is using their courts." *K.S. v. Detroit Pub. Schs.*, No. 14-12214, 2015 WL 13358204, at *1 (E.D. Mich. July 22, 2015) (quoting *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997)).

In exceptional cases, courts may allow a plaintiff to proceed under a pseudonym. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). Accordingly, proceeding pseudonymously is the exception rather than the rule. In order to circumvent Rule 10(a), a plaintiff must show that her "privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F. 3d 558, 560 (6th Cir. 2004).

In *Porter*, plaintiffs brought an action under 42 U.S.C. § 1983 to enjoin the board of education from permitting the teaching of the Christian Bible as a religious truth in public schools

in violation of the First Amendment's Establishment Clause, and sought to proceed under a pseudonym. *Id.* at 560–61. The Sixth Circuit affirmed the District Court's decision permitting plaintiffs to proceed pseudonymously because the lawsuit revealed plaintiffs' religious beliefs, which could subject them to considerable harassment, and because the case was brought on behalf of very young children. *Id.*

The Court considered several factors including (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Id.*; *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). The decision of whether to grant leave to proceed under a pseudonym is within the discretion of the Court. *Porter*, 370 F.3d at 560.

Applying these principles here, Plaintiff has failed to satisfy her burden. While Plaintiff relies heavily on the first two *Porter* factors, the remaining factors weigh against anonymity.

**A. The *Porter* Analysis**

Of the four *Porter* factors, only the first and second potentially favor Plaintiff. The fact that the third and fourth factors do not apply because Plaintiff does not intend to disclose an intention to violate the law and is not a minor does not make those factors irrelevant. Rather, those factors weigh against Plaintiff in determining whether her privacy interests substantially outweigh the presumption of open judicial proceedings. *See Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021) (rejecting the argument that factors answered in the negative "simply do not apply" and explaining that such factors instead weigh against anonymity).

Accordingly, the Court must determine whether the first two factors, considered alongside the remaining *Porter* factors and the strong presumption of open judicial proceedings embodied in Rule 10(a), nevertheless justify the extraordinary relief Plaintiff seeks.

First, Plaintiff correctly notes that this action challenges governmental activity because Defendant is a public school district. While that factor weighs in favor of anonymity, it carries less weight under the circumstances presented here. Plaintiff seeks to hold a tax-supported governmental entity liable for alleged unlawful conduct and asks the Court to award relief intended to punish, deter, and influence Defendant's future conduct. Those circumstances strengthen the public's interest in open judicial proceedings.

When a plaintiff invokes the authority of a federal court to publicly challenge the conduct of a governmental body, the public has a substantial interest not only in the allegations asserted against that entity, but also in the identity of the individual invoking the judicial process. *See Ramsbottom*, 2021 WL 2651188, at *8* (recognizing that the public's legitimate interest in knowing a litigant's identity is "magnified" where the litigation concerns public actors). Likewise, in *Doe v. Garland*, the court recognized that the public interest in anonymity was diminished where the plaintiff sought only to vindicate her own rights, distinguishing cases in which a litigant seeks to alter the operation of public law or otherwise affect governmental conduct. *Doe v. Garland*, No. 2:23-CV-10053-TGB-JJCG, 2023 WL 12177540, at *2 (E.D. Mich. Feb. 8, 2023) (citing *In re Sealed Case*, 971 F.3d 324, 329 (D.C. Cir. 2020)).

Similarly, the Court in *Plaintiff v. Wayne State University* recognized that although the presumption of openness generally applies in all cases, "the public's interest ... is heightened when public officials and government bodies are involved." *Plaintiff v. Wayne State University*, No. 20-CV-11718, 2021 WL 243155, at *7 (E.D. Mich. Jan. 29, 2021). The Sixth Circuit has likewise

recognized that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted). Although Plaintiff's claims arise under employment discrimination statutes, she nevertheless seeks punitive damages and other relief intended to deter the future conduct of a public school district. Accordingly, while the first factor favors Plaintiff, it does so only modestly and does not overcome the strong presumption of open judicial proceedings.

Second, even assuming the first factor favors Plaintiff, no single *Porter* factor is dispositive. *See Doe v. Whitmer*, No. 1:19-cv-422, 2019 WL 4645686, at *2 (W.D. Mich. July 1, 2019). Plaintiff must still show that her asserted privacy interests overcome the strong presumption of openness. Although Defendant does not minimize the seriousness of Plaintiff's allegations, the fact that this action involves allegations of workplace sexual harassment does not automatically warrant anonymity.

The "utmost intimacy" factor has most commonly been applied in cases involving allegations of sexual assault or other exceptionally private matters. *See Doe v. Streck*, 522 F. Supp. 3d 332, 334 (S.D. Ohio 2021) (collecting cases in which plaintiffs alleging sexual assault were permitted to proceed under pseudonyms).

Consistent with that distinction, in *Doe v. Shaw Electric Co.*, the plaintiff likewise argued that allegations of workplace sexual harassment and retaliation warranted pseudonym status and relied on *Doe v. Fedex Ground Package System, Inc.*, No. 3:21-CV-00395, 2021 WL 5041286 (M.D. Tenn. Oct. 29, 2021) in support. *Doe v. Shaw Elec. Co.*, No. 24-CV-10746, 2024 WL 1815459, at *2 (E.D. Mich. Mar. 28, 2024). The Court rejected that argument, explaining that *FedEx* involved repeated sexual assaults and rape, ongoing psychiatric treatment, and

psychological trauma, not the more typical allegations of workplace harassment and retaliation presented in *Shaw Electric*. *Id*. at 3. The Court concluded that allegations of name-calling, hostility from coworkers, exclusion from meetings, and job loss, while serious, did not compel disclosure of information "of the utmost intimacy" sufficient to justify anonymity. *Id*.

The same is true here. Plaintiff's allegations, while undoubtedly personal, arise from alleged workplace conduct and do not involve the type of intensely private matters – such as sexual assault or rape – that courts have recognized satisfy the "utmost intimacy" factor. Moreover, Defendant disputes Plaintiff's characterization of the underlying events and maintains that the allegations arise from a consensual relationship. Accordingly, this case does not present the type of extraordinary circumstances that have routinely justified permitting plaintiffs to proceed anonymously.

More importantly, even where a plaintiff satisfies both the governmental activity and utmost intimacy factors, those considerations alone do not automatically outweigh the presumption of open judicial proceedings. In *Doe 1 v. Bedford City School District Board of Education*, the Court assumed that the plaintiff's allegations implicated matters of the utmost intimacy and challenged governmental activity yet nevertheless denied the plaintiff's request to proceed anonymously because those factors, standing alone, were insufficient to overcome the public's interest in open judicial proceedings. *Doe 1 v. Bedford City Sch. Dist. Bd. of Educ.*, No. 1:22-CV-00059, 2022 WL 2192936, at *1 (N.D. Ohio June 17, 2022).

**B. Additional Considerations Weigh Against Permitting Plaintiff to Proceed Under a Pseudonym**

Beyond the *Porter* factors, Plaintiff offers several additional arguments in support of her request to proceed anonymously, including that disclosure of her identity would be humiliating, that her identity is irrelevant to the litigation, that she has not publicly disclosed her name, and that

anonymity would encourage other individuals to come forward. None of these arguments, individually or collectively, overcomes the strong presumption of open judicial proceedings.

Humiliation

Plaintiff argues that the emotional distress, depression, anxiety, fear, stigma, and humiliation associated with the allegations in her Complaint will affect both her and her family and hinder her efforts to rebuild her life. However, Plaintiff cites no authority permitting a litigant to proceed anonymously on that basis alone, nor has she submitted evidence demonstrating that disclosure of her identity, as opposed to the underlying events themselves, will subject her or her family to any concrete or particularized harm. Instead, Plaintiff's assertions are entirely speculative. Moreover, Plaintiff no longer resides in Michigan, having relocated to Florida, which further undermines any claim that disclosure of her identity will expose her to the reputational harms she speculates may occur.

In *Shaw Electric* the Court explained that "'the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity.'" *Shaw Elec.*, 2024 WL 1815459, at *3 (quoting *FedEx*, 2021 WL 5041286, at *5, which in turn quoted *Ramsbottom*, 2021 WL 2651188, at *4). The Court further observed "courts have found that a plaintiff's allegations that proceeding publicly would cause embarrassment and humiliation, standing alone, are not sufficient to justify permitting a plaintiff to proceed under a pseudonym." *Id.* Plaintiff has failed to distinguish this case from the ordinary employment discrimination and retaliation action in which similar concerns are routinely present. Her generalized fears of stigma, embarrassment, and reputational harm are speculative, unsupported by evidence, and insufficient to overcome the strong presumption of open judicial proceedings.

Chilling Effect and Alleged Universality of Plaintiff's Claims

Plaintiff further argues that disclosure of her identity will have a chilling effect on other victims coming forward and that anonymity is warranted because her claims raise issues of broad public concern. Neither argument is supported by evidence. Plaintiff offers no factual basis demonstrating that disclosure of her identity will deter unidentified individuals, in unknown circumstances, from reporting alleged misconduct, nor does she establish that permitting her to proceed under her own name will discourage future victims from pursuing their claims.

Likewise, Plaintiff's assertion that anonymity will advance matters of public concern is entirely speculative. The possibility that anonymity in this case may encourage unknown individuals to report unrelated allegations at some future time is insufficient to overcome the strong presumption of open judicial proceedings. The Court's inquiry is whether Plaintiff's own privacy interests substantially outweigh that presumption, not whether anonymity might produce hypothetical benefits for unidentified third parties.

Relevancy of Plaintiff's name and Prejudice to Defendant

Plaintiff also argues that her identity is irrelevant to the litigation, that she has not publicly disclosed her name (while acknowledging that her attorneys have publicized the allegations to notify the public and encourage other individuals to come forward), and that Defendant will suffer no prejudice if she proceeds anonymously. These arguments are interrelated and fail for the same fundamental reason: they overlook the prejudice anonymity would impose on Defendant's ability to investigate Plaintiff's claims and undermine the public's interest in accurate fact-finding.

First, Plaintiff's assertion that her identity is irrelevant to this litigation is fundamentally inconsistent with Rule 10(a). The Federal Rules require litigants to proceed in their own names precisely because a party's identity is a matter of legitimate public concern, absent exceptional circumstances.

Second, The issue is not whether Defendants know Plaintiff's identity; it is whether Defendants may use her identity to investigate and defend against her claims. Although Defendants know Plaintiff's identity, the public does not. That distinction matters. If Plaintiff proceeds anonymously, Defendants cannot freely identify Plaintiff when interviewing or questioning third-party witnesses, including former coworkers, friends, family members, or others who may possess information relevant to Plaintiff's allegations, credibility, claimed emotional distress, reputational harm, or the nature of Plaintiff's relationship with Defendant Sauter. Moreover, Defendant disputes Plaintiff's characterization of the relationship and maintains that the evidence will demonstrate it was consensual. Anonymity impairs Defendant's ability to investigate those disputed facts and identify witnesses with relevant knowledge.

Plaintiff's own motion illustrates the point. Plaintiff acknowledges that her attorneys have spoken with the media to publicize the allegations and encourage additional individuals to come forward. Yet by withholding Plaintiff's identity, those same individuals, and others who may possess relevant information, are deprived of the ability to recognize Plaintiff's involvement in this litigation and provide information bearing on her allegations, credibility, or damages.

These limitations are precisely the type of prejudice recognized in *Ramsbottom*, where the Court explained that "concealing the name of a party could deprive a litigant and the court of the chance that a yet unknown witness would, upon learning that fact about the case, know to step forward with valuable information about the events or the credibility of witnesses." *Ramsbottom*, 2021 WL 2651188, at *5 (internal citations omitted). As *Ramsbottom* further recognized, concealing only one party's identity while the opposing party is publicly identified hinders "the judicial interest in accurate fact-finding and fair adjudication." *Id*. (quoting *Doe v. Del Rio*, 241 F.R.D. 154, 159 (S.D.N.Y. 2006)); see also *Poe v. Lowe*, 756 F. Supp. 3d 537, 548 (M.D. Tenn.

2024) (recognizing that anonymity may unfairly prejudice defendants by limiting their ability to investigate claims and identify witnesses).

Plaintiff has offered no persuasive reason why she should be permitted to publicly accuse Defendants of misconduct while simultaneously preventing potential witnesses from recognizing her involvement and coming forward with information relevant to the truth of those allegations.

## III. LESS RESTRICTIVE MEANS ARE AVAILABLE

Even if the Court concludes that Plaintiff has demonstrated a legitimate privacy interest warranting some protection, proceeding under a pseudonym is not the least restrictive means of protecting that interest. Federal courts possess numerous tools to safeguard genuinely sensitive information without concealing the identity of a litigant from the public. For example, the Court may permit the filing of medical records or other particularly sensitive materials under seal, enter an appropriate protective order governing discovery, or require redaction of personal identifying information where necessary. These measures adequately protect legitimate privacy interests while preserving the public's strong interest in open judicial proceedings. Because less restrictive alternatives exist, Plaintiff has not demonstrated that the extraordinary remedy of litigating anonymously is warranted.

## CONCLUSION AND RELIEF REQUESTED

Even assuming the first and second *Porter* factors weigh in Plaintiff's favor, those considerations do not carry sufficient weight to overcome the strong presumption of open judicial proceedings, outweigh the public's interest in transparent litigation, or justify the prejudice and fundamental asymmetry created by allowing only one party to litigate anonymously.

McGRAW MORRIS MASUD
Attorneys for Defendant Kalamazoo Public School System

Dated: August 3, 2026 BY: */s/ Bogomir Rajsic, III*

Bogomir Rajsic, III (P79191)
Tracey R. DeVries (P84286)
44 Cesar E. Chavez Avenue, SW, Ste 200
Grand Rapids, MI 49503
(616) 288-3700
brajsic@mcgrawmorris.com
tdevries@mcgrawmorris.com