UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

Plaintiff,

v.

KALAMAZOO PUBLIC SCHOOL SYSTEM, et al.,

Defendants.
______________________________/

Case No. 1:26-cv-2013

HON. JANE M. BECKERING

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 11), which Defendants oppose (ECF Nos. 14 & 16). Plaintiff also moves for leave to file a reply to the responses (ECF No. 17, as corrected by ECF No. 20). For the following reasons, the Court will permit the filing of Plaintiff's proposed reply brief but denies Plaintiff's motion to proceed under a pseudonym in this case.

**I**

On July 7, 2026, Plaintiff, purportedly proceeding as "Jane Doe," filed a Complaint against Kalamazoo Public School System (KPSS) and Aaron Sauter, a KPSS principal (ECF No. 1). In her Complaint, Plaintiff, who was previously a KPSS teacher, describes her "quid pro quo sexual relationship" with Sauter (*id.* at PageID.3), including the "sexually provocative 'selfies'" he sent her, which she attached to her pleading (*id.* ¶ 55, referencing Ex. A, ECF No. 1-1). Plaintiff alleges that Sauter violated Michigan's Elliot Larsen Civil Rights Act (Counts I & II) and her First Amendment Free Speech rights "when he refused to take 'no' for an answer" (Count IV), and that

he retaliated against her when she complained to him about his conduct (Count III). Plaintiff alleges that KPSS, in turn, is liable for its failure to train and supervise its employees (Count V). Plaintiff seeks Judgment against Defendants in excess of this Court's $75,000.00 jurisdictional limit, including compensatory and punitive damages, statutory costs, fees and interest, and all equitable, injunctive, and other relief allowed by law. Plaintiff admits that her counsel has publicized her allegations against KPSS and Sauter, ostensibly to "encourage other victims [to] com[e] forward" (ECF No. 11 at PageID.56).

On July 10, 2026, this Court entered an Order requiring Plaintiff to either amend her Complaint to properly identify her legal name or file a motion to proceed under a pseudonym (ECF No. 6). The motions at bar followed.

**II**

Federal Rule of Civil Procedure 10(a) requires that a plaintiff's complaint "name all the parties." FED. R. CIV. P. 10(a). Given Rule 10's requirement, the Sixth Circuit has held that a district court properly dismisses a case with unnamed parties. *Compare Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 637 (6th Cir. 2005) (indicating that dismissal is proper because federal courts lack jurisdiction over unnamed parties "as a case has not been commenced with respect to them") (citation omitted); *with Koe v. Univ. Hosps. Health Sys., Inc.*, No. 22-3952, 2024 WL 1048184, at *3 (6th Cir. Mar. 8, 2024) (indicating that pseudonymous filings do not affect the subject-matter jurisdiction of federal courts, but dismissal for failure to comply with Rule 10(a) is nonetheless "appropriate"); *Doe v. Carson*, No. 19-1566, 2020 WL 2611189, at *3 (6th Cir. May 6, 2020) ("[T]he district court properly dismissed [the plaintiff's] case based on her failure to comply with Rule 10(a) by filing an amended complaint identifying herself."); *see also Doe v.*

*Edoff*, No. 25-1452, 2026 WL 1346081, at *2 (6th Cir. May 12, 2026) (applying factors relevant to a dismissal for failure to prosecute).

A court may, in its discretion, "excuse plaintiffs from identifying themselves." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has instructed courts to consider "several considerations" in the exercise of discretion, including—

> (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
>
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy';
>
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4) whether the plaintiffs are children.

*Id.* (quoting *Doe v. Stegall*, 653 F.2d 180, 185–86 (5th Cir. 1981). The Sixth Circuit has indicated that "[i]t is also relevant to consider whether the defendants are being forced to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio*, 123 F. App'x at 636 (citing *Porter*, 370 F.3d at 561). Ultimately, the key inquiry is whether a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings. *Porter*, at 560–61. The Sixth Circuit has indicated that "[i]t is the exceptional case in which a plaintiff may proceed under a fictitious name." *Carson*, 2020 WL 2611189, at *2 (citation omitted).

The Court turns to examining the factors as applied in this case.

**(1) *Governmental Activity.*** The provision of public education is a governmental activity. *See generally* MICH. CONST. Art. 8, § 2 (requiring the legislature to "maintain and support a system of free public elementary and secondary schools"); *Brosnan v. Livonia Pub. Schs.*, 333 N.W.2d 288, 289 (Mich. Ct. App. 1983) (collecting cases for the proposition that the operation of a public

school is a governmental function). However, the Court does not find the mere presence of a government-affiliated defendant controlling in this case, where Plaintiff's allegations concern both governmental activity and private conduct. Indeed, Plaintiff sues Sauter in both his official and individual capacities. Moreover, as Defendants point out (ECF No. 14 at PageID.66; ECF No. 16 at PageID.77), the public has a substantial interest in not only the allegations asserted against a governmental entity but also the identity of the individual invoking federal jurisdiction, herself a governmental employee. *Cf. Stegall*, 653 F.2d at 186 (opining that "in only a very few cases challenging governmental activity can anonymity be justified"). Therefore, the Court determines that under the specific circumstances of this case, the first *Porter* factor does not supply a sufficient basis on which to excuse Plaintiff from Rule 10(a)'s requirement.

**(2)** ***Intimate Information.*** As to the second *Porter* factor, Plaintiff's Complaint supplies intimate details of her relationship with Sauter. However, this factor alone supplies an insufficient basis on which to excuse Plaintiff from Rule 10(a)'s requirement. As Defendants point out (ECF No. 14 at PageID.68–69; ECF No. 16 at PageID.77), Plaintiff cites no authority permitting a litigant to proceed anonymously on the basis of humiliation alone, nor has she ably supported the proposition that disclosure of her identity—as opposed to disclosure of the underlying events themselves—will subject her or her family to any concrete or particularized harm.

The Court is also cognizant that the intimate information disclosed exerts an equally damaging amount of reputational harm to Sauter. To that end, Defendants have expressed their amenability to less restrictive means of providing the parties with privacy, such as the filing of medical records or other particularly sensitive materials under restricted access, an appropriate protective order governing discovery, and/or redacting personal identifying information where appropriate (ECF No. 14 at PageID.72; ECF No. 16 at PageID.78).

Even with some protective measures in place, the Court is persuaded that Plaintiff's anonymity will prejudice Defendants in their ability to investigate disputed facts and identify witnesses with relevant knowledge. Defendants emphasize that they will be unable to freely identify Plaintiff when interviewing or questioning third-party witnesses, including former co-workers, friends, family members, or others who may possess information relevant to Plaintiff's allegations about the nature of her relationship with Sauter, her credibility, and evidence supporting her claimed damages (ECF No. 14 at PageID.71–72; ECF No. 16 at PageID.77). Indeed, while some persons may be motivated by Plaintiff's counsel's request to come forward with information about her allegations, Plaintiff's anonymity deprives those same individuals (and others who may possess relevant information) of the ability to recognize Plaintiff's involvement and come forward with information relevant to the defense.

In sum, the intimate-information factor alone does not supply a sufficient basis on which to excuse Plaintiff from Rule 10(a)'s requirement.

**(3) *Compulsion.*** The third *Porter* factor weighs against excusing Plaintiff from Rule 10(a)'s requirement. This litigation does not compel Plaintiff to disclose any intent to violate the law.

**(4) *Minor Child.*** The fourth *Porter* factor likewise weighs against excusing Plaintiff from Rule 10(a)'s requirement. Both *Porter* and *Stegall* involved "very young children," to whom the courts granted a "heightened protection." *Porter*, 370 F.3d at 561; *see Stegall*, 653 F.2d at 186 ("[W]e view the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity here."). The case at bar concerns two adults—Plaintiff and Sauter—and their mutual employer. Plaintiff has chosen to level serious allegations, and this last factor weighs in favor of her shouldering the burden of her allegations.

In summary, Rule 10(a)'s requirement to "name all the parties" reflects a deliberate structural choice to make litigation public by default, and Sixth Circuit caselaw has reinforced this policy choice by treating anonymous litigation as a disfavored exception rather than a right. The Court determines that on balance, application of the factors in this case do not reveal exceptional circumstances that excuse Plaintiff from Rule 10(a)'s requirement to "name all the parties," including herself.[1] The presumption of openness in judicial proceedings is not substantially outweighed by Plaintiff's concerns. Therefore, the Court, in its discretion, denies Plaintiff's motion to proceed under a pseudonym.

Accordingly:

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to file a reply (ECF No. 17, as corrected by ECF No. 20) is GRANTED, and the proposed reply (ECF No. 20-1) is accepted for docketing.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Proceed Under Pseudonym (ECF No. 11) is DENIED.

---

[1] The district court cases upon which Plaintiff relies are not binding on this Court, and the Sixth Circuit cases upon which Plaintiff relies do not compel a different result. *See Doe v. City of Detroit*, 3 F.4th 294 (6th Cir. 2021) (no discussion of anonymity question); *Signature Mgmt. Team, LLC v. Doe*, 876 F.3d 831 at 835–38 (6th Cir. 2017) (addressing whether to "unmask" an anonymous defendant when judgment has been entered for a plaintiff); *Jenkins v. Rock Hill Loc. Sch. Dist.*, 513 F.3d 580 (6th Cir. 2008) (no discussion of anonymity question). The Sixth Circuit case on which Plaintiff relies to espouse general "fundamental constitutional protections against the disclosure of highly personal sexual matters" cuts against her motion as it concerns the involuntary dissemination of intimate information, not an individual's right to initiate litigation under a pseudonym. See ECF No. 11 at PageID.57, citing *Doe v. City of Mansfield*, No. 22-3052, 2023 WL 1822208, at *3–6 (6th Cir. Feb. 8, 2023) (concerning the release of the plaintiff's personnel file, which contained admission to "unnatural sexual behaviors," in response to a records request by her workplace-subordinate) (relying on *Bloch v. Ribar*, 156 F.3d 673 (6th Cir. 1998) (discussing the right to privacy within the context of the § 1983 claim by the plaintiff—a rape victim—who alleged that a sheriff revealed confidential details of the rape in retaliation for her criticism of him).

**IT IS FURTHER ORDERED** that Plaintiff shall, not later than September 3, 2026, amend her Complaint to identify herself by her legal name, or this matter will be dismissed.

Dated: August 18, 2026

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge